Williams, Judge,
delivered the opinion of the court:
The petition alleges in substance that between November 20, 1922, and August 28, 1923, the plaintiffs’ decedent, doing business under the name of “Maginnis & Thomas,” was the ultimate consignee of certain merchandise imported upon various vessels from France at the Port of New York, where they were entered by and in the name of one A. C. Merkle, a customs house broker, and thereupon assessed for duty under paragraph 1430 of the tariff act of 1922 (42 Stat. 858, 918); that the duties so assessed were paid to the collector of customs by and in the name of the said A. C. Merkle with moneys furnished by the plaintiffs’ decedent for whom the said Merkle was acting as agent or trustee; that the plaintiffs’ decedent, duly protested the said assessment under the provisions of section 514 of the tariff act of 1922, which protests were forwarded to the Board of United States General Appraisers (now the United States Customs Court) for determination; that the United States Customs Court, acting upon said protests, decided and determined that certain of the merchandise imported as aforesaid was dutiable at the rate of 75 per cent ad valorem rather than at 90 per cent, and thereupon issued judgment orders to the collector of customs at New York, which in effect determined that the importer was entitled to a refund of the excess 15 per cent of the tariff duties theretofore assessed against said merchandise.
*670 It is further alleged on information and belief that in October, 1927, a judgment was entered in the District Court for the Southern District of New York against the said A. C. Merkle in the sum of $169,257.21 and that thereafter the Treasury Department directed the collector of customs to sequestrate the several funds and others and to apply the said refund to the liquidation of the aforesaid judgment obtained by the United States of America against the said A. C. Merkle.
That on January 9, 1930, the decedent by his attorneys filed a petition with the Treasury Department for the payment to the former, in the name of “McGinnis & Thomas et al.,” the several refunds in the petition mentioned and applied as aforesaid upon the judgment obtained by the United States against the said A. C. Merkle.
That subsequently, on August 6, 1930, “the Treasury Department instructed the collector of customs that the several entries” made by the said A. C. Merkle as aforesaid fell into four classifications, namely—
“1. Those in which a certain form of owners’ declaration had been filed, as required by statute, which declaration was not strictly in accordance with the text of the law.
“2. Those in which the owner’s declaration had not been filed within ninety days after entry as provided in section 485 (d) of the Tariff Act of 1922.
“3. Those in which no owner’s declaration had been filed as required by the aforesaid section.
“4. Those in which the merchandise had been entered for warehouse, ”
and directed the collector to reliquidate said duties and pay the refunds falling within classes 1 and 4, but denied such payment as to classes 2 and 3.
The defendant demurs to the foregoing petition alleging it does not state a cause of action within the jurisdiction of the court. For the purposes of the demurrer the averments in the petition are considered as though they were established by proof. The question for determination is: Do these facts state a cause of action within the jurisdiction of the court?
The petition shows that the merchandise was imported in the name of A. C. Merkle, who paid the duties assessed *671 thereon. The plaintiffs’ decedent was an entire stranger to the record so far as the importation of the goods and the payment of the customs duties were concerned. Under the provisions of section 483 of the tariff act of 1922 (42 Stat. 858), Merkle, as the consignee, became and was the owner of the goods for customs purposes.
Section 485 (d) of the act provides (p. 961):
“A consignee shall not be hable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.”
The petition shows the consignee’s declaration referred to in this section was never filed as to part of the merchandise in question, and as to the remainder was not filed within the ninety days required. Merkle, therefore, at all times remained the owner of the merchandise falling within these two classes and was liable for any additional duties that might have been assessed against it.
Plaintiffs contend, however, that sections 483 and 485 (d) of the 1922 act are limited by the terms of the title to part 3 of the act, in which they appear, to the “ascertainment, collection, and recovery of duties,” and do not fix title in the goods for the purpose of the refund of excessive duties. This contention is negatived by the fact that following sections of the same title deal with the determination and refund of excessive duties, and make the adjudication of the Board of General Appraisers (now the United States Customs Court) final and conclusive on such matters as are appealed to and determined by it.
The United States Customs Court determined that the goods in question were properly taxable at a rate of 75 per cent ad valorem rather than at the rate of 90 per cent which was paid on them by Merkle at the time of their entry, and issued judgment orders directing a refund of the excess 15 per cent to the importer. The merchandise upon which the customs tax was paid fell into four classes, as set out in the *672 petition. The collector of customs has refunded to the decedent the excess duties assessed and collected on classes 1 and 4, and has credited against a judgment held by the United States against Merkle the refund due on the entries falling in classes 2 and 3. We thirds sections 483 and 485 (d) definitely fixed the ownership of the merchandise in these two classes in Merkle for all customs purposes — the refunding of excess duties as well as the payment of any additional duties that might have been assessed.
This court, of course, is -without jurisdiction to review the action of the United States Customs Court. Its decision in this matter is res adjudicata. Neither has this court jurisdiction to inquire into the correctness of the classification of the merchandise in question by the customs officials.
It appearing on the face of the petition that the excess duties on the two classes of merchandise which plaintiffs seek to recover have been properly credited against a judgment held by the United States against the owner of the merchandise, the demurrer is well taken and the petition is dismissed. It is so ordered.
LittletoN, Judge; GreeN, Judge; Booth, Chief Justice, concur.
Whaley, Judge, took no part in the decision of this case.